# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

UNUM LIFE INSURANCE COMPANY )
OF AMERICA, )
                                    )
         Plaintiff, )
                                    )
v. )    Case No. CIV-15-304-SPS
                                    )
BENNY WILLIAMS, DAWN DOZIER, )
JENNIFER LABOR, and TIMOTHY )
SHIRLEY, )
                                    )
         Defendants. )

## OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS

Before the Court is the Plaintiff Unum Life Insurance Company's ("Unum") Motion for Attorney Fees and Costs and Brief in Support [Docket No. 20]. Plaintiff seeks an award of attorneys' fees and costs in the amount of $4,500.00, for preparing, filing, and litigating the present interpleader action. None of the Defendants have responded or otherwise opposed this motion. For the reasons set forth below, the Court finds that said amount is reasonable.

"The propriety of the allowance of costs, including a reasonable attorney's fee, to a plaintiff in an interpleader action is well recognized[,]" *United States v. Chapman*, 281 F.2d 862, 870 (10th Cir. 1960), and "[w]hether to award attorneys' fees and costs out of the interpled funds to the stakeholder in an interpleader action is within the Court's discretion." *American Fidelity Companies Employee Savings Plan v. Haws*, 2008 WL

974705, at *3 (W.D. Okla. Apr. 8, 2008), *citing Melton v. White*, 848 F. Supp. 1513, 1514 (W.D. Okla. 1994). Here, Unum does not claim any right to the interpleaded funds, Unum recognized that the proceeds belong to the appropriate beneficiaries of the policy and has paid the proceeds (together with interest) into the registry of this Court on September 8, 2015, and has concurrently filed a Motion to Dismiss. *See Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123, 1995 WL 675368, at *1 (10th Cir. 1995) (table opinion) ("[F]ees are normally awarded to an interpleader plaintiff who (1) is disinterested (*i.e.*, does not itself claim entitlement to any of the interpleader fund); (2) concedes its liability in full; (3) deposits the disputed fund in court; and (4) seeks discharge, and who is not in some way culpable as regards the subject matter of the interpleader proceeding.") [internal citations omitted]. The Court finds it is therefore appropriate to grant a reasonable award of fees and costs.

When determining the reasonableness of requested attorneys' fees, the Court generally begins by calculating the "lodestar" figure, *i. e.*, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). As such, the Plaintiff "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) [citation omitted]. Here, the Plaintiff seeks a total award of $4,500.00 in fees and costs. In support, Unum has submitted an affidavit from counsel indicating that 18.8 hours have been billed by his firm in this case by attorneys and staff, representing hourly rates ranging from $215 to $315 for attorneys and $85 to $115 for support staff, for a

total of $4,037.50. Additionally, counsel reports an expenditure of $536.63 in costs. *See* Docket No. 20, Ex. 1. Counsel thus requests that the Court find a total award of $4,500.00 as reasonable and necessary for prosecuting this case. Having reviewed the Plaintiff's submissions in this case, the Court finds that said amount is reasonable based on the hours expended and the rates requested, and that Unum should be awarded $4,500.00 as requested.

## Conclusion

In summary, Unum is entitled to recover the requested fees and costs of $4,500.00. Accordingly, IT IS ORDERED that the Plaintiff Unum Life Insurance Company's Motion for Attorney Fees and Costs and Brief in Support [Docket No. 20] is hereby GRANTED and the Court Clerk is hereby directed to disburse said amount from the interpleader fund in the registry of the Court in this case to Plaintiff and to forward the same to Plaintiff's counsel.

**DATED** this 3rd day of December, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma