# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )    Case No. CIV-15-304-SPS<br>) |
| BENNY WILLIAMS, DAWN DOZIER, JENNIFER LABOR, and TIMOTHY SHIRLEY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## OPINION AND ORDER GRANTING
## MOTION FOR DISMISSAL

Before the Court is the Plaintiff's Motion for Dismissal of Plaintiff Unum Life Insurance Company of America ("Unum") and Brief in Support [Docket No. 22]. Plaintiff requests that, upon resolution of the pending Motion for Attorney Fees [Docket No. 20] and Motion for Injunction [Docket No. 21], that Unum be discharged from any and all further liability to any of the defendants related to the proceeds of the life insurance policy at issue in this case. None of the Defendants have responded or otherwise opposed this Motion. For the reasons set forth below, the Court finds that, in light of the Orders entered contemporaneously herein, Plaintiff's Motion for Dismissal of Plaintiff Unum Life Insurance Company of America ("Unum") and Brief in Support [Docket No. 22] should be granted.

The undisputed facts reflect that Unum initiated this litigation on August 14, 2015, pursuant to Fed. R. Civ. P. 22 and 29 U.S.C. § 1332, setting out the competing claims for the proceeds of the deceased's, Kathryn Sparling, life insurance policy in its Interpleader Complaint [Docket No. 3]. Unum represents, and the Court's Docket reflects, that a summons and copy of the Interpleader Complaint was served on all defendants. This Court then granted Unum's Motion to Deposit Funds with the Court on August 14, 2015 [Docket Nos. 7, 8]. Unum now moves to be discharged from liability, and none of the Defendants has opposed the Motion.

The Court "may issue an order discharging the stakeholder, if the stakeholder is disinterested[.]" 7 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed.). *See also* 28 U.S.C. § 2361 ("Such district court shall hear and determine the case, and may discharge the plaintiff from liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."). The Court finds that the Plaintiff has satisfied all the requirements for discharge, and there is no indication that, as a neutral stakeholder, the Plaintiff is independently liable to any claimant. Therefore, the Plaintiff is hereby released and discharged from any further liability to any party in this action or arising out of the deceased's policy. *See Unum Life Ins. Co. of America v. Linville*, 2006 WL 2051862, at *3 (D. Colo. July 19, 2006) ("Plaintiff's sole purpose in commencing this action was to insure that the proper beneficiaries received the benefits of the policy. Under these circumstances, it is appropriate for the Court to allow Plaintiff to deposit the insurance proceeds with the Court, [and] to discharge Plaintiff from any further liability[.]").

## Conclusion

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Dismissal of Plaintiff Unum Life Insurance Company of America ("Unum") and Brief in Support [Docket No. 22] is hereby GRANTED.

**DATED** this 3rd day of December, 2015.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma